of January, 1917, the Bent Milk Food Corporation sold its plant, canceled its contracts with its patrons for the purchase and receipt of milk, and discontinued operations at its plant and that its vendee refused to recognize its contract with the defendant or to deliver or permit it to receive any milk at the plant and declined to allow defendant to continue its manufacture of milk products therein.

The following questions were certified: " 1. Upon the allegations of the pleadings read in connection with the stipulation entered into between the attorneys for the parties hereto, is the defendant herein liable in damages for breach of contract?  2. Do the facts alleged in said amended answer of the defendant herein read in connection with said stipulation constitute a defense herein? 3. Do the facts alleged in said amended answer, to wit, the sale to the Hires Condensed Milk Company and the subsequent transactions as set forth therein, when read in connection with said stipulation, constitute a cause beyond the control of the defendant as intended by the contract alleged to have been violated? "

*Lawrence Russell* for appellant.

*Julian Scott* and *R. J. Kent* for respondent.

Order affirmed, with costs; second question certified answered in the affirmative, other questions not answered; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Claim of GERTRUDE I. ELDRIDGE, Appellant, *v.* ENDICOTT-JOHNSON & Co., et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — insufficiency of evidence to sustain contention that employee in tannery contracted anthrax poisoning from handling hides.*

*Eldridge* v. *Endicott, Johnson & Co.*, 202 App. Div. 767, affirmed.

(Submitted November 21, 1922; decided December 12, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial depart-

ment, entered May 2, 1922, unanimously affirming a determination of the state industrial board denying compensation to claimant under the Workmen's Compensation Law. Claimant's husband, an employee in defendant's tannery, died of anthrax poisoning. It was contended that he became infected while handling hides at his work. The state industrial commission held that the evidence did not sustain such contention. (See 228 N. Y. 21.)

*Rollin W. Meeker* and *Laverne M. Twining* for appellant.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Accounting of GEORGE F. CANFIELD et al., as Trustees under the Will of MARGARET T. SCHLEY, Deceased.

J. MONTFORT SCHLEY et al., Appellants; ANDREW S. HAMERSLEY, Special Guardian for EBENEZER S. M. SCHLEY et al., Respondent.

*Decedent's estate — trust — accounting — when stock dividend should be accredited to principal.*

*Matter of Schley*, 202 App. Div. 169, affirmed.

(Argued November 21, 1922; decided December 12, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 14, 1922, which reversed so much of a decree of the New York County Surrogate's Court as directed delivery of certain shares of stock as income, adjudged them to be principal and remitted the proceeding to the Surrogate's Court for action in conformity therewith. Testatrix by the sixth paragraph of her will erected a trust and directed that the net income arising therefrom be paid in certain proportions to her husband and children during the life of her said husband.